IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY BAILEY, | : | |
|     Plaintiff | : | |
| | : | No.  1:20-CV-1836 |
| v. | : | |
| | : | Judge Kane |
| CORRECTIONAL OFFICER JOHN | : | |
| DOE I, CORRECTIONAL OFFICER | : | Electronically Filed Document |
| JOHN DOE II, SERGEANT JOHN | : | |
| DOE I *and* LIEUTENANT YODER, | : | *Complaint Filed 10/07/2020* |
|     Defendants | : | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Lieutenant Christopher Yoder, hereby files this Answer with Affirmative Defenses to the Complaint filed by Jeremy Bailey (Doc. 1), which seeks injunctive and monetary relief for alleged constitutional violations.

### INTRODUCTION[1]

1.  ADMITTED in part and DENIED in part. It is ADMITTED that Jeremy Bailey ("Plaintiff") is an inmate currently housed at SCI-Coal Township and that he has filed a civil action against various corrections officers. However, the remainder of this allegation is a conclusion of law to which no response is

---

[1]  Defendant Yoder is adopting the headings utilized by Plaintiff purely for organization and convenience of the reader.  In using these headings, Defendant Yoder is not making any admission regarding their content and expressly deny any factual averments contained therein

1

required. To the extent that any facts are alleged against Defendant Yoder, such are DENIED.

## JURISDICTION

2. This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against Defendant Yoder, such are DENIED.

## VENUE

3. This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against the Defendant, such are DENIED.

## PARTIES

4. ADMITTED.

5-7. This averment is not applicable to Defendant Yoder. Undersigned counsel does not represent John Doe defendants unless or until they are properly identified and served. To the extent that any facts are alleged against Defendant Yoder, such are DENIED.

8. Pursuant to Doc. 13, Plaintiff has identified that Lt. John Doe 1 is Defendant Lt. Yoder. Based upon that identification, it is ADMITTED that Lt. Yoder was an employee at SCI-Coal Township during the relevant time period. Any other factual averments made are DENIED.

## FACTS

9. This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against Defendant Yoder, such are DENIED.

10. ADMITTED.

11-27. These averments are not applicable to Defendant Yoder; however, after a reasonable investigation, Defendant Yoder is without knowledge or information sufficient to form a belief as to the truth or falsity of the details contained within Paragraphs 11-27. Therefore, these allegations are DENIED. Strict proof will be demanded at the time of trial if the same is material.

28-31. DENIED.

32-35. These averments are not applicable to Defendant Yoder; however, after a reasonable investigation, Defendant Yoder is without knowledge or information sufficient to form a belief as to the truth or falsity of the details contained within Paragraphs 32-35. Therefore, these allegations are DENIED. Strict proof will be demanded at the time of trial if the same is material.

36-40. ADMITTED.

41-44. These averments are not applicable to Defendant Yoder; however, after a reasonable investigation, Defendant Yoder is without knowledge or information sufficient to form a belief as to the truth or falsity of the details

contained within Paragraphs 41-44. Therefore, these allegations are DENIED. Strict proof will be demanded at the time of trial if the same is material.

    45-46.  ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff was placed in a psychiatric observation cell; however, after a reasonable investigation Defendant Yoder is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining details contained within Paragraphs 45-46. Therefore, the remainder of these allegations are DENIED. Strict proof will be demanded at the time of trial if the same is material.

    47. ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff has not had a cellmate since being released from psychiatric observation on October 1, 2019. It is DENIED, however, that Plaintiff has only been in general population since this release, as Plaintiff has been back in psychiatric observation and the Rehabilitative Housing Unit multiple times since this date.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

    48.    After reasonable investigation, Defendant Yoder is without knowledge or information sufficient to form a belief as to the truth or falsity of the details contained within this paragraph. Therefore, these allegations are DENIED. Strict proof will be demanded at the time of trial if the same is material.

## CAUSE OF ACTION

49. This paragraph simply incorporates by reference paragraphs 1 through 48 as if set forth herein. Therefore, no additional response is required.

50-52. These averments are not applicable to Defendant Yoder; however, these allegations are conclusions of law to which no response is required. To the extent that any facts are alleged against Defendant Yoder, such are DENIED.

53. This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against Defendant Yoder, such are DENIED.

54. This averment is not applicable to Defendant Yoder; however, this allegation is a conclusion of law to which to response is required. To the extent that any facts are alleged against Defendant Yoder, such are DENIED.

55. This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against the Defendant, such are DENIED.

## LEGAL CLAIMS

56. This paragraph simply incorporates by reference paragraphs 1 through 55 as if set forth herein. Therefore, no additional response is required.

57-60.   These allegations are conclusions of law to which no response is required. To the extent that any facts are alleged against Defendant Yoder, such are DENIED.

61-63.   DENIED. By way of further answer, Defendant Yoder respectfully denies that Plaintiff is entitled to any such requested relief identified and requests that this Honorable Court dismiss this matter.

## AFFIRMATIVE DEFENSES

In addition to the responses provided above, Defendant Yoder asserts the following affirmative defenses:

1. The Complaint fails to state claims upon which relief may be granted against the Defendant.

2. Bailey has failed to aver facts to establish Defendant's personal involvement in this matter and allow for personal liability.

3. Defendant acted at all times with the good-faith belief that his conduct was lawful and are therefore immune from liability by virtue of qualified or other immunity.

4. Bailey has failed to exhaust his administrative remedies for the identified claims herein.

5. Bailey is not entitled to some or all of the damages he seeks.

6. Defendant has not acted with deliberate, intentional, or reckless indifference towards Bailey or his conditions of confinement.

7. Defendant reserves the right to add additional affirmative defenses as they arise.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By: *s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Senior Deputy Attorney General
Attorney ID: 315325

Office of Attorney General
1000 Madison Avenue, Suite 310
Norristown, PA 19403
Phone: (610) 631-6205

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

nditomo@attorneygeneral.gov

Date:  June 16, 2021

Counsel for Defendant Yoder

# CERTIFICATE OF SERVICE

I, Nicole R. DiTomo, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on June 16, 2021 I caused to be served to the Plaintiff, a true and correct copy of the foregoing document titled Defendant's Answer and Affirmative Defenses. Service was effectuated via hand delivery through the Department of Corrections.  This alternative method of service is being used due to the COVID-19 emergency.

VIA Hand Delivery:
Jeremy Bailey, LZ-4437
SCI Coal Township
*Pro Se Plaintiff*

        *s/ Nicole R. DiTomo*
        NICOLE R. DITOMO
        Senior Deputy Attorney General