IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY BAILEY,** : | | |
|     **Plaintiff** : | | |
| : | No. 1:20-cv-1836 | |
| v. : | | |
| : | (Judge Kane) | |
| **CORRECTIONAL OFFICER JOHN** : | | |
| **DOE 1, et al.,** : | | |
|     **Defendants** : | | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On October 7, 2020, pro se Plaintiff Jeremy Bailey ("Plaintiff") initiated this case through the filing of a complaint against four John Doe Defendants. (Doc. No. 1). Plaintiff, an inmate at the State Correctional Institution at Coal Township ("SCI-Coal Township"), alleged that the Defendants, four corrections officers employed by SCI-Coal Township, failed to protect him from an assault by another inmate in violation of the Eighth Amendment. (Id.) Plaintiff subsequently moved for the appointment of counsel and moved for leave to proceed in forma pauperis. (Doc. Nos. 5, 8). The Court granted Plaintiff's motion for leave to proceed in forma pauperis and ordered service of the complaint on February 5, 2021. (Doc. No. 12). Plaintiff identified one of the Defendants as Lieutenant Yoder on March 1, 2021, and requested leave to amend the complaint to name Lieutenant Yoder as a Defendant on March 4, 2021. (Doc. No. 13, 15). The Court granted the request on April 20, 2021, substituting Lieutenant Yoder as a Defendant. (Doc. No. 18). Defendant Yoder answered the complaint on June 16, 2021. (Doc. No. 27).

On July 13, 2021, Plaintiff moved to compel discovery responses from Defendant Yoder. (Doc. 29). Plaintiff represented that he served Defendant Yoder with six interrogatories on May

17, 2021, but had not yet received a response. (Id.) On August 25, 2021, Plaintiff filed a letter to the Court in which he indicated that he sent a second set of interrogatories and a request for production of documents to Defendant Yoder on July 19, 2021, but again did not receive a response. (Doc. No. 38). The Court ordered Defendant Yoder to respond to these filings, (see Doc. No. 41) and Defendant Yoder timely filed his response on August 31, 2021. (Doc. No. 45).

Defendant Yoder represents that Plaintiff's first set of interrogatories was filed on the docket of this case, but was not served on Yoder. (Id. at 2). Yoder nonetheless responded to the interrogatories on June 25, 2021. (Id.) Yoder states that Plaintiff took the same action with the second set of interrogatories, filing them on the docket of this case, but not serving them on Yoder. (Id.) Yoder responded to the second set of interrogatories on August 23, 2021 and responded to Plaintiff's requests for the production of documents on August 31, 2021. (Id.) Included with Yoder's response are four certificates of service signed by his attorney, which support his account of when responses were provided to Plaintiff's discovery requests.

Upon consideration of Defendant Yoder's response, the court concludes that Yoder has complied with all of his discovery obligations under the Federal Rules of Civil Procedure. **AND SO**, on this 2nd day of September, 2021, **IT IS ORDERED THAT** Plaintiff's second motion to compel discovery (Doc. No. 29) and letter request to compel discovery (Doc. No. 38) are **DENIED**.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania