IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY BAILEY, | : | |
| Plaintiff | : | |
| | : | No.  1:20-CV-1836 |
| v. | : | |
| | : | Judge Kane |
| CORRECTIONAL OFFICER JOHN | : | |
| DOE I, CORRECTIONAL OFFICER | : | Electronically Filed Document |
| JOHN DOE II, SERGEANT JOHN | : | |
| DOE I *and* LIEUTENANT YODER, | : | *Complaint Filed 10/07/2020* |
| Defendants | : | |

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
THE AMENDED COMPLAINT

Defendants Yoder, Batiuk, Derr, and Anthony, hereby file this Answer and

Affirmative Defenses to the Amended Complaint filed by Jeremy Bailey (Doc. 56),

which seeks injunctive and monetary relief for alleged constitutional violations.

INTRODUCTION[1]

1.      ADMITTED in part and DENIED in part. It is ADMITTED that

Jeremy Bailey ("Plaintiff") is an inmate currently housed at SCI-Coal Township

and that he has filed a civil action against various corrections officers. However,

the remainder of this allegation is a conclusion of law to which no response is

---

[1] Defendants are adopting the headings utilized by Plaintiff purely for organization
and convenience of the reader.  In using these headings, Defendants are not making
any admission regarding their content and expressly deny any factual averments
contained therein

required. To the extent that any facts are alleged against Defendants, such are DENIED.

## JURISDICTION

2.     This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against Defendants, such are DENIED.

## VENUE

3.     This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against the Defendants, such are DENIED.

## PARTIES

4.     ADMITTED.

5.     Pursuant to Docs. 56 and 58, Plaintiff has identified that Correctional Officer John Doe I is Defendant Joseph Derr.  Based upon that identification, it is ADMITTED that Defendant Derr was an employee at SCI-Coal Township during the relevant time period.  Any other factual averments made are DENIED.

6.     Pursuant to Docs. 56 and 58, Plaintiff has identified that Correctional Officer John Doe II is Defendant Jeffrey Anthony.  Based upon that identification, it is ADMITTED that Defendant Anthony was an employee at SCI-Coal Township during the relevant time period.  Any other factual averments made are DENIED.

7.     Pursuant to Docs. 56 and 58, Plaintiff has identified that Sergeant John Doe I is Defendant Raymond Batiuk.  Based upon that identification, it is ADMITTED that Defendant Batiuk was an employee at SCI-Coal Township during the relevant time period.  Any other factual averments made are DENIED.

8.     Pursuant to Doc. 13, Plaintiff has identified that Lt. John Doe 1 is Defendant Lt. Yoder. Based upon that identification, it is ADMITTED that Lt. Yoder was an employee at SCI-Coal Township during the relevant time period. Any other factual averments made are DENIED.[2]

## FACTS

9.     This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against Defendants, such are DENIED.

10.     ADMITTED.

11.     It is ADMITTED only that Defendants Derr and Anthony were working at SCI Coal Township on September 10, 2019.  Any other factual averment made is DENIED.

12.     DENIED.

---

[2] Defendants note that, per Plaintiff's request within his Amended Complaint (Doc. 56), the Amended Complaint merely amends the original Complaint (Doc. 1) with respect to paragraphs 1-7.  Defendants, therefore, respond to the remaining paragraphs as set forth within the original Complaint.

13.    It is ADMITTED only that Defendants Derr and Anthony were working at SCI Coal Township on September 10, 2019.  Any other factual averment made is DENIED.

14.    DENIED.

15.    DENIED.

16.    DENIED.

17.    It is ADMITTED only that Defendants Derr and Anthony were working at SCI Coal Township on September 10, 2019.  Any other factual averment made is DENIED.

18.    DENIED.

19.    DENIED.

20.    DENIED.

21.    It is ADMITTED only that Plaintiff did not receive a misconduct on September 10, 2019, for refusing to obey an order.  Any other factual averments made are DENIED.

22.    DENIED.

23.    DENIED.

24.    These averments are not applicable to Defendants; additionally, Defendants are without knowledge or information sufficient to form a belief as to

the veracity of the averments contained within this paragraph. Therefore, these allegations are DENIED.

25.     These averments are not applicable to Defendants; additionally, Defendants are without knowledge or information sufficient to form a belief as to the veracity of the averments contained within this paragraph. Therefore, these allegations are DENIED.

26.     These averments are not applicable to Defendants; additionally, Defendants are without knowledge or information sufficient to form a belief as to the veracity of the averments contained within this paragraph. Therefore, these allegations are DENIED.

27-31.  DENIED.

32-35.  These averments are not applicable to Defendants; additionally, Defendants are without knowledge or information sufficient to form a belief as to the veracity of the averments contained within this paragraph. Therefore, these allegations are DENIED.

36-3840.  ADMITTED.

41-44.  These averments are not applicable to Defendants; additionally, Defendants are without knowledge or information sufficient to form a belief as to the veracity of the averments contained within these paragraphs. Therefore, these

allegations are DENIED.  Strict proof will be demanded at the time of trial if the same is material.

45-46.  ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff was placed in a psychiatric observation cell; however, after a reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining details contained within Paragraphs 45-46.  Therefore, the remainder of these allegations are DENIED.  Strict proof will be demanded at the time of trial if the same is material.

47.  ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff has not had a cellmate since being released from psychiatric observation on October 1, 2019.  It is DENIED, however, that Plaintiff has only been in general population since this release, as Plaintiff has been back in psychiatric observation and the Rehabilitative Housing Unit multiple times since this date.

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

48.      After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the details contained within this paragraph.  Therefore, these allegations are DENIED.  Strict proof will be demanded at the time of trial if the same is material.

## CAUSE OF ACTION

49.     This paragraph simply incorporates by reference paragraphs 1 through 48 as if set forth herein.  Therefore, no additional response is required.

50.     This paragraph contains conclusions of law to which no response is required.  To the extent that any facts are alleged against Defendants, such are DENIED.

51.     This paragraph contains conclusions of law to which no response is required.  To the extent that any facts are alleged against Defendants, such are DENIED.

52.     This paragraph contains conclusions of law to which no response is required.  To the extent that any facts are alleged against Defendants, such are DENIED.

53.     This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against Defendants, such are DENIED.

54.     This paragraph contains conclusions of law to which no response is required.  To the extent that any facts are alleged against Defendants, such are DENIED.

55.     This allegation is a conclusion of law to which no response is required.  To the extent that any facts are alleged against the Defendants, such are DENIED.

## LEGAL CLAIMS

56.     This paragraph simply incorporates by reference paragraphs 1 through 55 as if set forth herein.  Therefore, no additional response is required.

57-60.  These allegations are conclusions of law to which no response is required. To the extent that any facts are alleged against Defendants, such are DENIED.

61-63.  DENIED. By way of further answer, Defendants respectfully deny that Plaintiff is entitled to any such requested relief identified.  Further, these paragraphs contain requests for relief to which no response is required.  To the extent a response is required, DENIED.

## AFFIRMATIVE DEFENSES

In addition to the responses provided above, Defendants assert the following affirmative defenses:

1.     The Complaint fails to state claims upon which relief may be granted against the Defendant.

2.      Bailey has failed to aver facts to establish Defendants' personal involvement in this matter and allow for personal liability.

3.      Defendants acted at all times with the good-faith belief that their conduct was lawful and are therefore immune from liability by virtue of qualified or other immunity.

4.      Bailey failed to exhaust his administrative remedies for the identified claims herein.

5.      Bailey is not entitled to some or all of the damages he seeks.

6.      Defendants have not acted with deliberate, intentional, or reckless indifference towards Bailey or his conditions of confinement.

7.      Defendants reserve the right to add additional affirmative defenses as they arise.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:   *s/ Mary Katherine Yarish*

MARY KATHERINE YARISH
Deputy Attorney General
Attorney ID: 328843

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 783-6315
myarish@attorneygeneral.gov

NICOLE R. DITOMO
Senior Deputy Attorney General
Attorney ID: 315325

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

Date:  December 27, 2021

Counsel for Defendants Yoder, Batiuk,
Derr, and Anthony

<u>CERTIFICATE OF SERVICE</u>

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on December 28, 2021 I caused to be served to the Plaintiff, a true and correct copy of the foregoing document titled Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint to the following:

**<u>VIA U.S. MAIL</u>**
**Jeremy Bailey**
**1520 Thompson St.**
**Harrisburg, PA 17104**
*Pro Se Plaintiff*

_s/ Mary Katherine Yarish_
MARY KATHERINE YARISH
Deputy Attorney General