IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY BAILEY, | : | |
| Plaintiff | : | No. 1:20-CV-1836 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| LIEUTENANT YODER, *et al.*, | : | Electronically Filed Document |
| Defendants | : | *Complaint Filed 10/07/2020* |

<u>DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT</u>

Defendants Lieutenant Yoder, Sergeant Batiuk, Correctional Officer Derr, and Correctional Officer Anthony, by and through counsel, hereby submit this Brief in Support of their Motion for Summary Judgment pursuant to Local Rules 7.5, and 56.1.  There is no dispute of any material fact and Defendants are entitled to judgment as a matter of law because:  (1) official capacity claims are barred by the Eleventh Amendment; (2) Defendants were not aware of an excessive risk of harm to Plaintiff and mere negligence does not satisfy the deliberate indifference standard for a failure to protect claim; (3) the Substantive Due Process Clause claim is barred by the explicit source rule; (4) Plaintiff was not treated differently from similarly situated individuals; and, (5) Defendants are entitled to qualified immunity.

<u>TABLE OF CONTENTS</u>

I.  RELEVANT MATERIAL FACTS ........................................................................1

II.  STATEMENT OF QUESTIONS PRESENTED ................................................3

III.  ARGUMENTS ........................................................................................................4

    A.  Claims Against Defendants Within Their "Official Capacities" Are
        Barred By The Eleventh Amendment ....................................................4

    B.  Defendants Were Not Aware Of An Excessive Risk To Plaintiff's Safety
        & Mere Negligence Does Not Result In A Constitutional Violation ...5

    C.  The Fourteenth Amendment Substantive Due Process Claims Are Barred
        By The Explicit Source Rule..................................................................15

    D.  Plaintiff Failed To Allege Sufficient Facts To Establish That Defendants
        Treated Him Differently From Similarly Situated Individuals...........16

    E.  Defendants Are Entitled To Qualified Immunity ....................................17

IV.  CONCLUSION ......................................................................................................19

## TABLE OF AUTHORITIES

Page(s)

Cases

*Abdul-Akbar v. McKelvie*,
 239 F.3d 307 (3d Cir. 2001) ................................................................... 17

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..................................................................... 16, 17

*Bistrian v. Levi*,
 696 F.3d 352 (3d Cir. 2012) ......................................................... 6, 8, 13

*Blackstone v. Thompson*,
 568 F. App'x 82 (3d Cir. 2014) ............................................. 7, 9, 10, 12

*Bracey v. Pa. Dep't of*,
 571 F. App'x 75 (3d Cir. 2014) ....................................................... 8, 12

*Buckley v. Kowalski*,
 2015 WL 179385 (D.N.J. Jan. 14, 2015) ............................................... 7

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ............................................................................. 4

*Claggett v. Frantz*,
 2011 WL 846092 (M.D. Pa. Feb. 1, 2011) ......................................... 18

*Cty. of Sacramento v. Lewis*,
 523 U.S. 833 (1998) ........................................................................... 15

*Davidson v. Cannon*,
 474 U.S. 344 (1986) ....................................................................... 8, 12

*Davis v. Mooney*,
 2017 WL 1352235 (M.D. Pa. Jan. 6, 2017) ......................................... 6

*Esposito v. Galli*,
 2006 WL 2322487 (M.D. Pa. Aug. 9, 2006) ....................................... 17

*Farmer v. Brennan*,
511 U.S 825 (1994) ............................................................................ 5, 6, 9

*Fisher v. Lovejoy*,
414 F.3d 659 (7th Cir. 2005) ............................................................ 9

*Ghana v. Holland*,
226 F.3d 175 (3d Cir. 2000) ............................................................ 10

*Goodwine v. Keller*,
2012 WL 4482793 (W.D. Pa. 2012) .................................................. 15

*Granberry v. Pa. Bd. of Prob. & Parole*,
2010 WL 486593 (W.D. Pa. Feb. 5, 2010) ........................................ 16

*Hamilton v. Leavy*,
117 F.3d 742 (3d Cir. 1997) ............................................................ 5

*Harley v. Warren*,
2017 WL 4422412 (D.N.J. Oct. 4, 2017) .................................... 8, 9, 14

*James v. Milwaukee Cty.*,
956 F.2d 696 (7th Cir. 1992) ............................................................ 9

*Jones v. Beard*,
145 F. App'x 743 (3d Cir. 2005) ...................................................... 6

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) ........................................................................ 4

*Myer v. Giroux*,
2018 WL 6831147 (W.D. Pa. Dec. 28, 2018) .................................... 7

*Ordonez v. Yost*,
289 F. App'x 553 (3d Cir. 2008) ...................................................... 15

*Price v. Cohen*,
715 F.2d 87 (3d Cir. 1983) .............................................................. 16

*Smith v. Donate*,
   2012 WL 3537017 (M.D. Pa. 2012) ........................................................................ 6

*Thomas v. Shutika*,
   2014 WL 2514817 (M.D. Pa. June 4, 2014) ............................................................. 7

*Tigner v. Texas*,
   310 U.S. 141 (1940) ........................................................................................... 16, 17

*Vega v. Merlino*,
   2005 WL 1541061 (D.N.J. June 30, 2005) ............................................................ 9, 14

*Warrington v. Pa. Dep't of Corrs.*,
   Civ. No. 1:19-CV-00237 (M.D. Pa. Feb. 22, 2022)… ........................................... 7

*Will v. Michigan Dep't of State Police*,
   491 U.S. 58 (1989) ............................................................................................... 4, 5

*Williams v. Borough of West Chester, Pa.*,
   891 F.2d 458 (3d Cir. 1989) ..................................................................................... 4

*Wise v. Ranck*,
   2008 WL 4861974 (M.D. Pa. Nov. 6, 2008) ..................................................... Passim

*Young v. New Sewickley Twp.*,
   160 F. App'x 263 (3d Cir. 2005) ...................................................................... 16, 17

*Young v. Quinlan*,
   960 F.2d 351 (3d Cir. 1992) ............................................................................. 10, 13

Statutes

U.S. Const. amend. XIV ................................................................................................ 16

U.S. Const. amend. XI ..................................................................................................... 4

Rules

Fed. R. Civ. P. 56(a) ......................................................................................................... 4

Fed. R. Civ. P. 56(e).............................................................................................. 4

Fed. R. Evid. 201 ................................................................................................ 11

## I.   <u>**RELEVANT MATERIAL FACTS**</u>

Plaintiff was housed within the Restricted Housing Unit (RHU) on September 10, 2019.  (Ex. 1[1] at 5:23-25, 6:15-22.)  During the first shift, several inmate cell moves were ordered to occur to accommodate the needs of an incoming inmate who required a camera cell.  (Ex. 2[2] at 1.)

In attempting to accomplish these necessary cell moves Defendant Derr and Defendant Batiuk inadvertently placed Inmate McCullough within the same cell as Plaintiff around 11:30 on the morning of September 10, 2019.  (*Id.*)  Plaintiff claims that he and Inmate McCullough informed Defendants Derr and Anthony that McCullough had a single cell status and should not have been placed within Plaintiff's cell.  (Doc. 1 at ¶¶ 12, 18.)

Defendant Yoder did not become aware of McCullough's placement into Plaintiff's cell until the day after the move occurred.  (Ex. 2 at 1) ("***The next day***, I learned CO Derr and Sgt. Batiuk had moved inmate McCullough from HA1014 to HA1005 with inmate Bailey.") (emphasis added).)  Plaintiff claims that he and Inmate McCullough informed Defendant Yoder of McCullough's single cell status

---

[1]   Defendants have attached and incorporated herein as Exhibit 1 a copy of the August 31, 2021 Transcript of Jeremy Bailey.

[2]   Defendants have attached and incorporated herein as Exhibit 2 the DC-121 form completed by Yoder.

one time while Yoder assisted in a separate and unrelated use of force incident

with a non-party inmate.  (Doc. 1 at ¶31; Ex. 1 at 28-29, 30:1-11, 31:1-5.)

Plaintiff claims that he and Inmate McCullough informed Defendant Batiuk

that McCullough had a single cell status only one or two times at most.  (Ex. 1 at

31:11-14, 31:19-24, 32:2-20.)  During the next shift, wherein the named

Defendants were not working, Inmate McCullough informed staff at approximately

2:13 p.m., or less than three hours later that he had tied-up Plaintiff.  (*See* Ex. 3[3] at

Ex 3_002.)

Staff found Plaintiff on the floor of his cell with his wrists and ankles tied

together with torn bed sheets.  (*Id.*)  Staff immediately acted by restraining

McCullough and rendering assistance to Plaintiff.  (*Id.*)  Staff immediately

transported Plaintiff to medical for assessment and treatment.  (*Id.*)  During said

assessment and treatment, Plaintiff self-reported neck and left ear pain.  (Ex. 3 at

Ex_031.) However, no swelling, abrasions, or open wounds were located.  (*See id.*)

There was no long-standing or well-documented tensions between Inmate

McCullough and Plaintiff.  (*See gen.* Ex. 2 at 1; Ex. 3 at Ex 3_002.)

Plaintiff filed his Complaint in this case on October 7, 2020.  (Doc. 1.)  In so

doing, he brings claims against Defendants in their official and individual capacity,

---

[3]     Defendants have attached and incorporated herein as Exhibit 3 the
Extraordinary Occurrence Report.

pursuant to Section 1983.  (*Id.*)  Plaintiff brings the following claims:  (1) an Eighth Amendment failure to protect claim; (2) a substantive due process claim; and (3) and equal protection claim.

Defendants have liberally construed the Complaint, as they must, and believe they have addressed all asserted claims herein.  To the extent the Court liberally construes the Complaint as bringing any additional claim, Defendants respectfully request the opportunity to provide supplemental briefing on those issues if necessary.

## II.   STATEMENT OF QUESTIONS PRESENTED

A.   Whether claims against the Defendants, when named within their "official capacity", are barred by the Eleventh Amendment?

B.   Whether mere negligence does not satisfy the deliberate indifference standard needed for an Eighth Amendment failure to protect claim?

C.   Whether the Fourteenth Amendment Substantive Due Process Clause claim is barred by the explicit source rule?

D.   Whether Plaintiff was not treated differently from other similarly situated individuals?

E.   Whether Defendants are entitled to qualified immunity?

*Suggested Answer to All:*  Yes.

## III.   <u>ARGUMENTS</u>

Summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the initial burden of showing the district court the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). The non-movant must then come forward with specific facts showing a genuine issue for trial for each element upon which they bear the burden of proof at trial. Fed. R. Civ. P. 56(e); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989).

### A.   **Claims Against Defendants Within Their "Official Capacities" Are Barred By The Eleventh Amendment**

States cannot be held liable under Section 1983 because they are not deemed to be "persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also* U.S. Const., Amend. XI (the Eleventh Amendment to the U.S. Constitution immunizes state agencies and state officials in their official capacities from suit in the federal courts). Likewise, it is well-established that claims made against a state official in his official capacity is a

suit against that named official's office, and, therefore, "is no different from a suit against the State itself." *Id.* at 71.

Here, Plaintiff files suit against all Defendants within their "official" capacity. (Doc. 1 at ¶58.) Such claims against Defendants in their official capacity fail because they are barred by the Eleventh Amendment, as such, this suit "is no different from a suit against the State itself." *Will*, 491 U.S. at 71. Claims against Defendants in their official capacity, therefore, must be dismissed with prejudice.

**B.      Defendants Were Not Aware Of An Excessive Risk To Plaintiff's Safety & Mere Negligence Does Not Result In A Constitutional Violation**

Generally, "[i]t is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for a victim's safety . . . ." *Farmer v. Brennan*, 511 U.S 825, 834 (1994). Rather, an inmate plaintiff, must establish that the prison official defendant was "deliberately indifferent" "to a substantial risk of serious harm" that existed to the inmate plaintiff in order to establish an Eighth Amendment violation. *Id.* at 828; *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 834) (A plaintiff, in bringing a failure to protect claim under the Eighth Amendment, must establish that: (1) he was incarcerated under conditions posing "substantial risk of serious harm;" and (2) that the prison officials involved operated with "deliberate indifference" to that risk.).

Moreover, a "substantial risk of serious harm" is "not ordinarily . . . shown by pointing to a single incident or isolated incidents[; it may, however,] be established by much less than proof of a reign of violence and terror." *Davis v. Mooney*, 2017 WL 1352235, at *7-8 (M.D. Pa. Jan. 6, 2017) (*Report & Rec. Adopted in Part, Rejected In Part On Other Grounds*); *Jones v. Beard*, 145 F. App'x 743, 745-46 (3d Cir. 2005) (inmate failed to articulate specific threats of serious harm to his person or make multiple complaints such that his isolated report of threats were insufficient to establish official's deliberate indifference).

When determining whether a prison official acted with "deliberate indifference" to that inmate's safety, the inmate plaintiff must establish that the prison official must have consciously knew of and disregarded an *excessive risk* to the inmate's health or safety. *Farmer*, 511 U.S. at 838 (emphasis added); *see also Smith v. Donate*, 2012 WL 3537017, *9 (M.D. Pa. 2012). "[T]he prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Farmer*, 511 U.S. at 834. An official has such knowledge where the prison official was "both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *Bistrian v. Levi*, 696 F.3d 352, 367-68 (3d Cir. 2012).

Moreover, deliberate indifference can be inferred only where the prison official "know[s] there is a strong likelihood[,] rather than a mere possibility[,] that

6

violence will occur.  Prison officials cannot be expected to eliminate the possibility of all dangers.  Thus, the right to reasonable protection does not include the right to protection from random acts." *Thomas v. Shutika*, 2014 WL 2514817, at *5–6 (M.D. Pa. June 4, 2014).  It is well-established that the fact "'that an inmate with some history of violence might attack another inmate for an unknown reason' is too speculative to establish that the defendants were deliberately indifferent." *Warrington v. Pa. Dep't of Corrs.*, et al., Civ. No. 1:19-CV-00237, at *14-15 (M.D. Pa. Feb. 22, 2022) (Mehalchick, M.J.) (citing *Blackstone v. Thompson*, 568 F. App'x 82, 84 (3d Cir. 2014)); *Buckley v. Kowalski*, 2015 WL 179385, at *4 (D.N.J. Jan. 14, 2015) (knowledge or awareness "of overall violence among the inmates or of violent propensities (or history of violence) of inmates does not equate to an official's deliberate indifference).

Furthermore, "a generalized, hypothetical risk that an inmate with a history of violence might attack another inmate is too speculative to support an Eighth Amendment violation." *Myer v. Giroux*, 2018 WL 6831147, at *8 (W.D. Pa. Dec. 28, 2018).  "A lack of evidence indicating that the officials were told of a 'specific incident or cause of tension between the [inmates] from which a greater inference of risk could be drawn' was insufficient to demonstrate the defendant's deliberate indifference." *Warrington*, Civ. No. 1:19-CV-00237, at *13 (quoting *Blackstone*, 568 F. App'x at 84 (an inmate who has a history of violence but there

7

is "no longstanding, pervasive, well-documented, or previously noted tensions" with the plaintiff inmate is insufficient to demonstrate that there was an "inference that an excessive risk was present")).

The Third Circuit recognized that "when inmates claim they are in danger, they confront prison officials with an 'arduous task.'" *Bistrian*, 696 F.3d at 369-370. "Prisoners may feign their fear of physical harm simply to manipulate a transfer, in the hope, for example, of obtaining more desirable living arrangements." *Id.* (internal quotation omitted). "[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Wise v. Ranck*, 2008 WL 4861974, at *5 (M.D. Pa. Nov. 6, 2008) (Kane, J.) (internal quotation and citation omitted). Likewise, a prison official's failure to abide by prison policy is insufficient to support a finding of deliberate indifference. *Bracey v. Pa. Dep't of Corrs.*, 571 F. App'x 75, 78-79 (3d Cir. 2014); *see also Harley v. Warren*, 2017 WL 4422412, at *3 (D.N.J. Oct. 4, 2017) (citations omitted).

Negligence alone does not satisfy the "deliberate indifference" standard; rather, it is well-established that a prison official's negligent failure to prevent an attack is simply insufficient to establish a violation of the Eighth Amendment. *Davidson v. Cannon,* 474 U.S. 344, 345–48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate,

followed by an assault, is not a deprivation of constitutional rights); *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005) (citing *Farmer*, 511 U.S. at 835; *James v. Milwaukee Cty.*, 956 F.2d 696, 699 (7th Cir. 1992) ("proving deliberate indifference . . . requires more than a showing of negligent or even grossly negligent behavior")).

Put simply, a public official's negligent failure to heed an inmate's notification of receiving threats from another inmate, followed by an assault on the inmate complainant's person, is not a violation of one's constitutional rights. *Wise*, 2008 WL 4861974, at *5 (prison official's negligent failure to take additional security measures cannot constitute as deliberate indifference); *see also Harley v. Warren*, 2017 WL 4422412, at *3 (D.N.J. Oct. 4, 2017) (citations omitted); *see also Vega v. Merlino*, 2005 WL 1541061, at *3 (D.N.J. June 30, 2005).

In *Blackstone*, the inmate plaintiff complained about the safety of his housing assignment with his cellmate one time to prison officials. *Blackstone*, 568 F. App'x at 84. The cellmate attacked the inmate plaintiff later that night. *Id.* The inmate plaintiff later brought a failure to protect claim pursuant to Section 1983. *Id.* Within his civil suit, the inmate plaintiff essentially alleged that his cellmate's high security status was circumstantial evidence of the prison official's deliberate indifference because the high security status informed the official of the cellmate's history of violence for attacking other inmates. *See id.*

The *Blackstone* Court held that this singular, generalized complaint regarding safety is "the type of out-of-the-blue and unadorned 'I'm-in-trouble' [prisoner complaint,]" and such complaint "is not sufficient to permit a reasonable finder of fact to infer that [the prison official] both knew of and intentionally disregarded an excessive risk to [the inmate plaintiff's] safety." *Id.*

Alternatively, in *Young v. Quinlan*, 960 F.2d 351 (3d Cir. 1992), *superseded by statute on other grounds* as stated in *Ghana v. Holland*, 226 F.3d 175 (3d Cir. 2000), the inmate plaintiff repeatedly informed prison officials several times over an extended period of time, via verbal and written complaints, about his physical safety concerns with regards to another inmate and requested to be placed in protective custody. *Young*, 960 F.2d at 362-63. The other inmate attacked him. *See id.* Within his civil suit, the inmate plaintiff claimed that the officials failed to protect him from the inmate attacker because they knew about and were on notice of his numerous oral and written complaints concerning this inmate. *Id.* The *Young* Court held that the inmate plaintiff had presented sufficient evidence, via the numerous verbal and written complaints to officials regarding his safety concerns, to create a dispute of material fact with respect to the defendants' deliberate indifference to his safety.

Here, Plaintiff claims that Defendants failed to protect him from McCullough's attack. (*See gen.* Doc. 1.) Defendants disagree. Defendants were

10

not aware of an excessive risk to Plaintiff's safety and a negligent response to such does not rise to deliberate indifference.

### **Defendants Were Not Aware Of An Excessive Risk To Plaintiff's Safety**

Plaintiff essentially claims that Defendants were deliberately indifferent to his safety when they did not respond to his complaints concerning McCullough's placement into his cell as a single cell status inmate or to McCullough's vague and ambiguous threat that he would hurt Plaintiff if staff did not remove him from the cell.  (*See* Doc. 1.)  Such claim, however, fails to establish that Defendants were aware of an excessive risk to Plaintiff's safety and cannot establish their deliberate indifference.

The mere fact that McCullough held a single cell status (or a "z" code) is not indicative of his excessive risk to Plaintiff's safety when staff placed him within the same cell.  There is a multitude of reasons why an inmate qualifies for and holds a single cell status, such as having mental health problems or certain medical conditions, has the potential to be victimized because of double-celling, or has a well-documented history of aggressive behavior. *See* Dep't of Corrs., Policy 11.02.01, https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/11.02.01%20Reception%20and%20Classification.pdf (last accessed June 2, 2022).[4]

---

[4] This Court may take judicial notice of the Department of Corrections' Policy 11.02.01 Reception and Classification, as it is a publicly available document that is not subject to any dispute of fact.  *See* Fed. R. Evid. 201.

Any argument to suggest that knowledge of McCullough's single cell status is evidence of Defendants' deliberate indifference to Plaintiff's safety fails as an inmate could have a single cell status for personal health and safety reasons completely separate and apart from aggressive behavior.

Further, to the extent Plaintiff would argue that Defendants' failure to abide by the institution's policy concerning single cell status by placing McCullough into his cell is indicative of their deliberate indifference to his safety, such argument also similarly fails. *Bracey*, 571 F. App'x at 78-79 (failure to abide by institutional policy does not create the individual's deliberate indifference). Similarly, any argument that McCullough's history of violence or security status, if known, is also insufficient to create evidence of Defendants' deliberate indifference to Plaintiff's safety. *See also Blackstone*, 568 F. App'x at 84 (knowledge of inmate's history of violence is insufficient to establish his deliberate indifference). As such, these factors do not establish Defendants' deliberate indifference to an excessive risk to Plaintiff's safety. Because Defendants were not deliberately indifferent to Plaintiff's safety, his Eighth Amendment claim fails.

### Mere Negligence Is Insufficient To Violate Eighth Amendment

It is well-established that mere negligence is insufficient to establish the requisite deliberate indifference standard needed to succeed on a failure to protect claim. *Davidson*, 474 U.S. at 345–48. Similarly to the *Blackstone* case, and unlike

the *Young* case, Plaintiff avers he only told each of the Defendants about his

concern with McCullough's placement within his cell on isolated incidents. (Ex. 1

at 31:11-14, 31:19-24, 32:2-20 (informed Batiuk only one or two times at most);

28:4-12, 29:4-25, 30:1-11, 31:1-5 (informed Yoder while Yoder assisted with

another safety and security situation on the unit); Doc. 1 at ¶¶ 12, 18 (informed

Derr and Anthony that McCullough had a single cell status code).) Such claim

fails, however, because, at most, Plaintiff claims that Defendants responded

negligently to his isolated and vague complaints regarding McCullough's

placement within his cell and McCullough's ambiguous threat.

There are no allegations, nor is there any evidence, that Plaintiff repeatedly

informed each Defendant of his concerns or that there was a documented history of

tension between Plaintiff and McCullough. In fact, it was less than three hours

from the time McCullough was placed in the cell to when McCullough reported to

second shift staff that he had tied up Plaintiff. Plaintiff can rely only upon his own

speculation that any of the Defendants held the requisite mental intent to establish

deliberate indifference. Even if he could show that Defendants knew and should

have drawn an inference of a danger to his safety, this twenty-twenty hindsight

review is insufficient to classify as deliberate indifference. *Bistrian*, 696 F.3d

at 367-68 (to be deliberately indifferent, the official must be "both aware of the

facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference").  Nor can Defendants' failure to take additional security measures when given only isolated and vague complaints of safety constitute as deliberate indifference.  *See Wise*, 2008 WL 4861974, at *5 (prison official's negligent failure to take additional security measures cannot constitute as deliberate indifference); *see also Harley v. Warren*, 2017 WL 4422412, at *3 (D.N.J. Oct. 4, 2017) (citations omitted); *see also Vega v. Merlino*, 2005 WL 1541061, at *3 (D.N.J. June 30, 2005).

It is evident that McCullough was inadvertently placed within Plaintiff's cell during a time in which officers were faced with multiple inmate cell moves and were organizing and effectuating a use of force maneuver on yet another inmate to regain the positive control of the safety and security of the unit.  (Ex. 1 at 28-32; Ex. 2 at 1.)  In all reality, Defendants were faced with an "ardous task"—the responsibility to respond to institutional housing needs of incoming inmates and to act swiftly to protect the safety and security of other inmates on the unit, all the while receiving the isolated, vague, and ambiguous complaints from Plaintiff and his cellmate.  (*See gen.* Ex. 1 at 28-32; Ex. 2 at 1.)  As correctional staff, Defendants are all the more aware that "threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm."  *Wise*, 2008 WL 4861974, at *5 (internal quotation and citation omitted).  Any failure on any of the Defendants to respond to Plaintiff's one or two

isolated complaints, at best, amounts to negligence—a standard which does not

amount to the requisite deliberate indifference standard needed for a failure to

protect claim.

As mere negligence, failure to follow internal agency policy, and failure to

respond to isolated complaints do not constitute as deliberate indifference,

Defendants, therefore, are entitled to judgment on the failure to protect claim

asserted within the Complaint.

## C.   The Fourteenth Amendment Substantive Due Process Claims Are Barred By The Explicit Source Rule

In order to bring a Substantive Due Process claim, a plaintiff must allege:

"(1) that he was deprived of a protected liberty or property interest; (2) that this

deprivation was without due process; (3) the defendant subjected him to this

deprivation; (4) the defendant was acting under color of state law; and (5) the

plaintiff suffered injury as a result . . . ."  *Goodwine v. Keller*, 2012 WL 4482793,

at *9 (W.D. Pa. 2012).

It is also noted that "a [substantive due process] claim is not cognizable

under the 'explicit source rule.'"  *Id.* at *10 (citation omitted); *Cty. of Sacramento

v. Lewis*, 523 U.S. 833, 843 (1998); *Ordonez v. Yost*, 289 F. App'x 553, 555 (3d

Cir. 2008).  Accordingly, where a plaintiff's substantive due process claim is

identical to a claim brought under another specific constitutional provision, *i.e.*, the

First, Fourth, Fifth, or Eighth Amendments, the substantive due process claim will

be dismissed. *Granberry v. Pa. Bd. of Prob. & Parole*, 2010 WL 486593, at *5-6 (W.D. Pa. Feb. 5, 2010).

Here, as Plaintiff's Substantive Due Process claim is duplicative of his claims brought under another Amendment, namely the Eighth Amendment, it fails as a matter of law.

**D. Plaintiff Failed To Allege Sufficient Facts To Establish That Defendants Treated Him Differently From Similarly Situated Individuals**

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Equal Protection does not require that all persons be treated alike; instead, a plaintiff must show that the differential treatment from those similarly situated was unreasonable or involved a fundamental interest or individual discrimination. *Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Price v. Cohen*, 715 F.2d 87, 91 (3d Cir. 1983), *cert. denied*, 465 U.S. 1032 (1984).

In so doing, a plaintiff "cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language' to show that he may be entitled to relief," and a bald assertion that other individuals were treated differently will not survive dismissal. *Young v. New Sewickley Twp.*, 160 F. App'x 263, 266 (3d Cir. 2005); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561 (2007). Rather, plaintiffs must identify similarly situated individuals and allege "occasions or

16

circumstances" of differential treatment. *Young*, 160 Fed. App'x at 266; *see also Twombly*, 550 U.S. at 563 (plaintiff must plead facts consistent with legal allegations in complaint to survive dismissal). Prisoners are not a "suspect class." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001).

In this case, Plaintiff did not assert that he is a member of any protected class and failed to allege the existence of any similarly situated prisoners who were treated differently or provide any examples of such differential treatment. Plaintiff, therefore, has failed to put Defendants on notice regarding who those other inmates were and how they were similarly situated to him in all relevant aspects. Plaintiff failed to state an Equal Protection claim; this claim must, therefore, be dismissed with prejudice.

### E.    Defendants Are Entitled To Qualified Immunity

It is well-established that a state official "is entitled to qualified immunity where a reasonable officer could have believed that his or her conduct was lawful, in light of clearly established law and the information in the officer's possession." *Esposito v. Galli*, 2006 WL 2322487, \*7 (M.D. Pa. Aug. 9, 2006).

In so doing, a court must ask whether the facts as alleged in the complaint make out a violation of an actual constitutional right, and whether the right was clearly established at the time of the alleged violation. *Id.* at 201. Officials who reasonably but mistakenly conclude that their actions were lawful are still entitled

to qualified immunity.  *Claggett v. Frantz*, 2011 WL 846092, \*6 (M.D. Pa. Feb. 1, 2011).  Moreover, this Court has held a prison officials is entitled to qualified immunity where the official's failure to take additional security measures, even if negligent, after receiving notification of a threat between inmates cannot establish that official's reckless disregard of a known risk.  *Wise*, 2008 WL 4861974, at \*5.

Here, the facts before the Court do not demonstrate that the Defendants have violated Plaintiff's Constitutional rights, meeting the first prong of qualified immunity.  However, even assuming, *arguendo*, for purposes of summary judgment that Defendants violated Plaintiff's constitutional rights, these rights were not clearly established given the facts of this case and the information in the Defendants' possession at the time.  At best, Plaintiff complained to each Defendant once, maybe twice, of his vague concerns regarding McCullough's placement within his cell as a single cell status inmate and McCullough's ambiguous and conclusory threat.  Threats among inmates are common; and, there are no facts in this case to establish that there was a well-documented history of tension between Plaintiff and McCullough.  Any failure by Defendants to take any additional security measures, even if such inactions were negligent, after receiving notification of a threat between Plaintiff and McCullough cannot establish that

18

Defendants' reckless disregard of a known risk to Plaintiff.  *See id.*  As such,

Defendants are entitled to qualified immunity.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court

find that there is no dispute of material fact and they are entitled to judgment as a

matter of law.


Respectfully submitted,

JOSH SHAPIRO
Attorney General


By:    *s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Senior Deputy Attorney General
Attorney ID: 315325

Office of Attorney General
1000 Madison Avenue, Suite 310
Norristown, PA 19403
Phone: (610) 631-6205
nditomo@attorneygeneral.gov


MARY KATHERINE YARISH
Deputy Attorney General
Attorney ID:  328843

15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone:  (717) 783 -6315
myarish@attorneygeneral.gov


KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

Date:  June 2, 2022

Counsel for Defendants

19

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY BAILEY, | : | |
| Plaintiff | : | No. 1:20-CV-1836 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| LIEUTENANT YODER, *et al.*, | : | Electronically Filed Document |
| Defendants | : | *Complaint Filed 10/07/2020* |

## CERTIFICATE OF WORD COUNT

As permitted, undersigned certifies that this Brief in Support of Summary

Judgment does not exceed 22 pages or 5,200 words. Undersigned relied upon the

word count feature of Microsoft Word, which identified that there are 19 pages and

4,161 words within this document, including footnotes.

*s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Senior Deputy Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY BAILEY, | : | |
| Plaintiff | : | No. 1:20-CV-1836 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| LIEUTENANT YODER, *et al.*, | : | Electronically Filed Document |
| Defendants | : | *Complaint Filed 10/07/2020* |

## CERTIFICATE OF SERVICE

I, Nicole R. DiTomo, Senior Deputy Attorney General, Office of Attorney General, hereby certify that on June 3, 2022, I caused to be served a true and correct copy of the foregoing document titled *Defendants' Brief in Support of their Motion for Summary Judgment* to the following:

**VIA U.S. MAIL**
**Jeremy Bailey**
**1520 Thompson St.**
**Harrisburg, PA 17104**
*Pro Se Plaintiff*

 s/ Nicole R. DiTomo
NICOLE R. DITOMO
Senior Deputy Attorney General
