IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY BAILEY, | : | |
| Plaintiff | : | No. 1:20-CV-1836 |
| | : | |
| v. | : | (Judge Yvette Kane) |
| | : | |
| LIEUTENANT YODER, *et al.*, | : | Electronically Filed Document |
| Defendants | : | *Complaint Filed 10/07/2020* |

DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

As requested by this Court (*see* Doc. 70), Defendants Lieutenant Yoder, Sergeant Batiuk, Correctional Officer Derr, and Correctional Officer Anthony, by and through counsel, hereby submit this Brief in Opposition to the Motion for Summary Judgment (Doc. 51) filed by Plaintiff, Jeremy Bailey. As discussed herein, Bailey's Motion should be denied because he is not entitled to judgment as a matter of law on his Eighth or Fourteenth Amendment claims.

I. **COUNTER STATEMENT OF FACTS**

Bailey filed his original complaint in this case on October 7, 2020.  (Doc. 1). It was modified only to the extent that Bailey substituted names for John Doe defendants. (*See* Docs. 13, 15, 34, 39). In so doing, he brings claims against Defendants Yoder, Batiuk, Derr, and Anthony in their official and individual capacity, pursuant to Section 1983. (Doc. 1 ¶ 58). Bailey asserts the following

1

claims: (1) an Eighth Amendment failure to protect claim; (2) a substantive due process claim; and (3) and equal protection claim. (*See id.* ¶¶ 53, 57, 61a).

Bailey did not comply with Local Rules 7.8(a) or 56.1 requiring briefs of the moving party to contain a statement of facts, among other things, and a separately filed short and concise statement of the material facts with references to the record that support each statement. Instead, Bailey suggests that the court should consider the pleadings filed and documents submitted to support the motion to show that no genuine issue as to any material fact exists. (*See* Doc. 51).

Attached to the brief, Bailey provides copies of the Employee Reports of Incident, completed by non-defendants Passaretti, Fritz, Weisbeck, Haines, Hubble, Rosso, and RN Jones. (*See* Doc. 52 pp. 3-18). Bailey also attaches a copy of his medical records and photographs taken during his medical assessment. (*See id*. pp. 19-24). From these materials, we learn that Officer Houser was conducting a security round in the Restricted Housing Unit ("RHU") during the second shift. (*See id*. pp. 3, 13). When he looked into Bailey's cell, he observed Bailey tied up by restraints made of bedding material and radioed for assistance. (*See id.* p. 13; *see also* Doc. 75-3 at 002).

Lieutenant Passaretti, as well as Officer Fritz, Weisbeck, Haines, Hubble, and Rosso responded to the radio transmission. (*See id.* pp. 3-18). Each essentially observed Bailey laying on the floor, tied up at his wrists and ankles with torn bed

sheets. (*See id.*) Inmate McCullough was restrained and escorted out by Rosso and Haines without incident. (*See id.* pp. 3-4). The bed sheets were cut from Inmate Bailey's wrists and ankles by Fritz and Weisbeck. (*See id.*) He was then escorted to medical triage to address his complaint of neck and ear pain. (*See id.*) RN Jones completed the medical assessment and found no swelling, no abrasions, nor any areas of concern. (*See id.* pp. 17-21). No other injuries were reported. (*See id.*)

On September 10, 2019, during the first shift, several inmate cell moves were ordered to occur to accommodate the needs of an incoming inmate who required a camera cell. (Doc. 75-2 at 1.)[1] In attempting to accomplish these necessary cell moves Defendant Derr and Defendant Batiuk inadvertently placed Inmate McCullough within the same cell as Bailey around 11:30 a.m. (*Id.*) Bailey claims that on at least one occasion, he and Inmate McCullough informed Defendants Derr, Anthony, and Yoder that McCullough had single cell status and should not have been placed with Bailey. (Doc. 1 ¶¶ 12, 18, 31).

---

[1]     Although Plaintiff did not provide the Court with this document, in the interests of providing the Court with a full picture of the events and circumstances of the day in question, Defendants cite to Document 75-2, previously provided in support of their Motion for Summary Judgment.

## II.   COUNTER STATEMENT OF QUESTIONS INVOLVED

A.    Whether Bailey has demonstrated that the named Defendants acted with deliberate indifference to succeed on his Eighth Amendment claim?

B.    Whether Bailey's Fourteenth Amendment Substantive Due Process claim should proceed despite the explicit source rule?

C.    Whether Bailey has demonstrated that he was treated differently from other similarly situated individuals?

*Suggested Answer to All:*  No.

## III.   OPPOSITIONAL ARGUMENTS

Federal Rule of Civil Procedure 56 provides that "[a] party may move for summary judgment, *identifying each claim or defense . . .* on which summary judgment is sought." (emphasis added). Bailey fails to identify which claim or claims he is seeking to be disposed of at this stage. (*See* Docs. 51-52).

The original complaint filed asserted legal claims against each defendant, in their individual and official capacities, for violations of Bailey's Eighth and Fourteenth Amendment rights. (Doc. 1 ¶¶ 1, 50-54, 57-58). Defendants have interpreted the complaint to aver that they have failed to protect Bailey and denied him due process and equal protection under the law. (*See id.* ¶¶ 53, 57, 61a).

Presuming Bailey has shown that there is no genuine dispute as to any material fact relevant to these legal claims, he must also show that he is entitled to

4

judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When determining whether Bailey is entitled to judgment as a matter of law, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court may consider other materials in the record when making its determination. *See* Fed. R. Civ. P. 56(c)(3).  However, in so doing, "[j]udges are not like pigs, hunting for truffles buried in the record." *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (finding movant did not meet its burden to provide proper citations to the factual record at summary judgment wherein the movant conclusively and broadly pointed to a general appendix of documentary evidence); *see also Weil v. White*, 56 F. Supp. 3d 653, 667 (M.D. Pa. 2014) (Brann, J.) (finding that party failed to present requisite evidence to support essential elements or to illustrate that there was no dispute of material fact). The burden of demonstrating the justification for a motion for summary judgment lies with the movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1969).

## A.    Based Upon the Record, Bailey Has Failed to Demonstrate that the Defendants Were Deliberately Indifferent.

Generally, "[i]t is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for a victim's safety . . . ." *Farmer v. Brennan*, 511 U.S 825, 834 (1994). Rather,

an inmate plaintiff, must establish that the prison official defendant was "deliberately indifferent" "to a substantial risk of serious harm" that existed to the inmate plaintiff in order to establish an Eighth Amendment violation. *Id.* at 828; *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 834) (A plaintiff, in bringing a failure to protect claim under the Eighth Amendment, must establish that:  (1) he was incarcerated under conditions posing "substantial risk of serious harm;" and (2) that the prison officials involved operated with "deliberate indifference" to that risk.).

When determining whether a prison official acted with "deliberate indifference" to that inmate's safety, the inmate plaintiff must establish that the prison official must have consciously knew of and disregarded an *excessive risk* to the inmate's health or safety. *Farmer*, 511 U.S. at 838 (emphasis added). "[T]he prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id.* at 834. An official has such knowledge where the prison official was "both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *Bistrian v. Levi*, 696 F.3d 352, 367-68 (3d Cir. 2012).

Moreover, deliberate indifference can be inferred only where the prison official "know[s] there is a strong likelihood[,] rather than a mere possibility[,] that violence will occur. Prison officials cannot be expected to eliminate the possibility

6

of all dangers. Thus, the right to reasonable protection does not include the right to protection from random acts." *Thomas v. Shutika*, 2014 WL 2514817, at *5–6 (M.D. Pa. June 4, 2014).

The Third Circuit recognized that "when inmates claim they are in danger, they confront prison officials with an 'arduous task.'" *Bistrian*, 696 F.3d at 369-370. "Prisoners may feign their fear of physical harm simply to manipulate a transfer, in the hope, for example, of obtaining more desirable living arrangements." *Id.* (internal quotation omitted). "[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Wise v. Ranck*, 2008 WL 4861974, at *5 (M.D. Pa. Nov. 6, 2008) (Kane, J.) (internal quotation and citation omitted).

Here, Bailey claims that the Defendants failed to protect him from being tied up by Inmate McCullough and were deliberately indifferent to his safety when they did not respond to his complaints concerning McCullough's single cell status. (*See gen.* Doc. 1.) Defendants disagree since such fails to establish that Defendants were aware of an excessive risk to Bailey's safety.

There is a multitude of reasons why an inmate qualifies for and holds a single cell status, such as having mental health problems or certain medical conditions, has the potential to be victimized because of double-celling, or has a well-documented history of aggressive behavior. *See* Dep't of Corrs., Policy

11.02.01,https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/11.0
2.01%20Reception%20and%20Classification.pdf (last accessed June 2, 2022).[2]

The mere fact that McCullough held a single cell status (or a "z" code) is not
indicative of his excessive risk to Bailey's safety when staff placed him within the
same cell. Any argument to suggest that knowledge of McCullough's single cell
status is evidence of Defendants' deliberate indifference to Bailey's safety fails as
an inmate could have a single cell status for personal health and safety reasons
completely separate and apart from aggressive behavior.

Further, it is well-established that mere negligence alone does not satisfy the
"deliberate indifference" standard. *Davidson v. Cannon,* 474 U.S. 344, 345–48
(1986) (finding that prison officials' negligent failure to heed prisoner's
notification of threats from another inmate, followed by an assault, is not a
deprivation of constitutional rights). Put simply, a public official's negligent failure
to heed an inmate's notification of receiving threats from another inmate, followed
by an assault on the inmate complainant's person, is not a violation of one's
constitutional rights. *Wise*, 2008 WL 4861974, at *5 (prison official's negligent
failure to take additional security measures cannot constitute as deliberate
indifference).

---

[2]     This Court may take judicial notice of the Department of Corrections' Policy
11.02.01 Reception and Classification, as it is a publicly available document that is
not subject to any dispute of fact.  *See* Fed. R. Evid. 201.

Based upon the support present with this motion, Bailey claims that on at least one occasion, he and Inmate McCullough informed Defendants Derr, Anthony, and Yoder that McCullough had single cell status and should not have been placed with Bailey. (Doc. 1 ¶¶ 12, 18, 31). There are no allegations, nor is there any evidence, that Bailey repeatedly informed each Defendant of his concerns or that there was a documented history of tension between Bailey and McCullough.

In fact, it was less than three hours from the time McCullough was placed in the cell with Bailey to when Officer Houser conducted his first round during the second shift and found Bailey conveniently tied up with bed sheets on the cell floor, notably calm and unharmed. (*See* Doc. 52 pp. 13-14 and Doc. 75-2). This is insufficient to support a claim of deliberate indifference. *See Bistrian*, 696 F.3d at 367-68 (to be deliberately indifferent, the official must be "both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Young v. Quinlan*, 960 F.2d 351 (3d Cir. 1992) (inmate plaintiff repeatedly informed prison officials several times over an extended period of time, via verbal and written complaints, about his physical safety concerns with regards to another inmate and requested to be placed in protective custody.)

To succeed at this stage on a failure to protect claim, Bailey needed to demonstrate that the Defendants knew about his clear concerns and did nothing about them. *See Young*, 960 F.2d at 362-63. It is evident that McCullough was inadvertently placed in a cell with Bailey during a time in which officers were faced with multiple inmate cell moves and were organizing and effectuating a use of force maneuver on yet another inmate. (Doc. 75-2 at 1.) In all reality, Defendants were faced with an "arduous task"—the responsibility to respond to institutional housing needs of incoming inmates and to act swiftly to protect the safety and security of other inmates on the unit, all the while receiving the isolated, vague, and ambiguous complaints from Bailey about his cellmate.

Bailey has not presented sufficient evidence to illustrate that Defendants were deliberately indifferent to his safety. Rather, it is suspiciously convenient that that both Bailey and McCullough achieved their ultimate goal to obtain a single cell without sustaining any physical injuries. As such, Bailey's motion should be denied and this claim should be dismissed.

**B.    The Fourteenth Amendment Substantive Due Process Claim Is Barred**

In order to bring a Substantive Due Process claim, a plaintiff must allege: "(1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) the defendant subjected him to this deprivation; (4) the defendant was acting under color of state law; and (5) the

10

plaintiff suffered injury as a result . . . ."  *Goodwine v. Keller*, 2012 WL 4482793, at *9 (W.D. Pa. 2012).

It is also noted that "a [substantive due process] claim is not cognizable under the 'explicit source rule.'" *Id.* at *10 (citation omitted); *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *Ordonez v. Yost*, 289 F. App'x 553, 555 (3d Cir. 2008).  Accordingly, where a plaintiff's substantive due process claim is identical to a claim brought under another specific constitutional provision, *i.e.*, the Eighth Amendment, the substantive due process claim will be dismissed. *Granberry v. Pa. Bd. of Prob. & Parole*, 2010 WL 486593, at *5-6 (W.D. Pa. Feb. 5, 2010).

Here, because Bailey's Substantive Due Process claim is duplicative of his claims brought under another Amendment, namely the Eighth Amendment, it fails as a matter of law. Accordingly, Bailey is not entitled to summary judgment on this claim and it should be dismissed.

## C.    Plaintiff Failed To Establish That He Was Treated Differently From Similarly Situated Individuals

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Equal Protection does not require that all persons be treated alike; instead, a plaintiff must show that the differential treatment from those similarly situated was unreasonable or involved a

fundamental interest or individual discrimination. *Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Price v. Cohen*, 715 F.2d 87, 91 (3d Cir. 1983), *cert. denied*, 465 U.S. 1032 (1984).

In so doing, a plaintiff "cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language' to show that he may be entitled to relief," and a bald assertion that other individuals were treated differently will not survive dismissal. *Young v. New Sewickley Twp.*, 160 Fed. App'x 263, 266 (3d Cir. 2005); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561 (2007). Rather, a plaintiff must identify similarly situated individuals and allege "occasions or circumstances" of differential treatment. *Young*, 160 Fed. App'x at 266; *see also Twombly*, 550 U.S. at 563 (plaintiff must plead facts consistent with legal allegations in complaint to survive dismissal). Prisoners are not a "suspect class." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001).

In this case, Bailey did not assert that he is a member of any protected class, he failed to allege the existence of any similarly situated prisoners who were treated differently, and he failed to provide any examples of such differential treatment. Bailey, therefore, has failed to establish an Equal Protection claim. As such, Bailey's Motion on this claim must be denied.

IV.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this

Honorable Court deny Bailey's Motion for Summary Judgment.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:   *s/ Nicole R. DiTomo*

NICOLE R. DITOMO
Senior Deputy Attorney General
Attorney ID: PA 315325

Office of Attorney General
1000 Madison Avenue, Suite 310
Norristown, PA 19403
Phone: (610) 631-6205
nditomo@attorneygeneral.gov

MARY KATHERINE YARISH
Deputy Attorney General
Attorney ID: PA 328843

15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone:  (717) 783 -6315
myarish@attorneygeneral.gov

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

Date:  June 17, 2022

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY BAILEY, | : | |
| Plaintiff | : | No. 1:20-CV-1836 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| LIEUTENANT YODER, *et al.*, | : | Electronically Filed Document |
| Defendants | : | *Complaint Filed 10/07/2020* |

## <u>CERTIFICATE OF SERVICE</u>

I, Nicole R. DiTomo, Senior Deputy Attorney General, Office of Attorney

General, hereby certify that on June 17, 2022, I caused to be served a true and

correct copy of the foregoing document titled *Defendants' Brief in Opposition to*

*Plaintiff's Motion for Summary Judgment* to the following:

**<u>VIA U.S. MAIL</u>**
**Jeremy Bailey**
**1520 Thompson St.**
**Harrisburg, PA 17104**
*Pro Se Plaintiff*

    *s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Senior Deputy Attorney General