IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY BAILEY,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:20-cv-1836 |
| v. | : | |
| | : | (Judge Kane) |
| **LIEUTENANT YODER, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case in which pro se Plaintiff Jeremy Bailey ("Bailey") alleges that his civil rights were violated when Defendants, four employees at the State Correctional Institution-Coal Township ("SCI-Coal Township"), failed to protect him from an assault by another inmate. Presently before the Court are the parties' cross motions for summary judgment. (Doc. Nos. 51, 71.) For the foregoing reasons, Bailey's motion will be denied and Defendants' motion will be granted in part and denied in part.

## I. BACKGROUND

On October 1, 2020, Bailey initiated this case through the filing of a complaint pursuant to 42 U.S.C. § 1983, which the Court received and docketed on October 7, 2020. (Doc. No. 1.) The complaint identified the four defendants as John Doe Defendants and raised claims for violation of the Eighth Amendment's cruel and unusual punishment clause and the Fourteenth Amendment's due process clause. (Id.) The Defendants were named in both their individual and official capacities. (Id.)

Bailey subsequently sought leave to amend the complaint to provide identities for the four defendants. (See Doc. No. 58.) The Court granted the request on October 27, 2021, ordering that Bailey's original complaint would remain the operative pleading but that all references to the John Doe Defendants would be understood to correspond to the identities

provided by Bailey. (Id.) Per Bailey's proffered information and the Court's order, all references in the complaint to Correctional Officer John Doe 1 shall be construed as references to Defendant Derr, all references in the complaint to Correctional Officer John Doe 2 shall be construed as references to Defendant Anthony, all references in the complaint to Sergeant John Doe 1 shall be construed as references to Defendant Batiuk, and all references in the complaint to Lieutenant John Doe 1 shall be construed as references to Defendant Yoder. (Id.) Plaintiff moved for summary judgment on October 4, 2021. (Doc. No. 51.) Defendants moved for summary judgment on May 31, 2022. (Doc. No. 71.) Both motions are ripe for the Court's disposition.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the Court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence would affect the outcome of the case under applicable substantive law. See id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). A dispute of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine dispute of material fact, the Court must view the facts and all reasonable inferences in favor of the nonmoving party. See Moore v.

Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence that demonstrates the absence of a genuine dispute of material fact, the nonmoving party is required to go beyond his pleadings with affidavits, depositions, answers to interrogatories, or the like in order to demonstrate specific material facts that give rise to a genuine dispute. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case that it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." See Celotex, 477 U.S. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether a dispute of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. See White, 862 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. See id. (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement

required to be served by the moving party will be deemed to be admitted." See L.R. 56.1. The Rule further requires the inclusion of references to the parts of the record that support the statements. See id. Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. See id.

A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-cv-01384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (stating that pro se parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-cv-01854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006) (explaining that pro se parties must follow the Federal Rules of Civil Procedure).

### III. STATEMENT OF MATERIAL FACTS[1]

On September 10, 2019, Bailey was housed in SCI-Coal Township's restricted housing unit ("RHU"). (Doc. No. 72 ¶ 1.) On that date, prison staff temporarily moved several inmates to different cells to accommodate the needs of incoming inmates. (Id. ¶ 2.) As part of this move, Defendants Derr and Anthony moved an inmate named McCullough into Bailey's cell despite the fact that McCullough had a "Z-Code"—an administrative classification that required prison staff to house him in a single cell. (Id. ¶¶ 3-4.)

---

[1] Unless otherwise noted, the background herein is derived from Defendants' Rule 56.1 statement of facts. (Doc. No. 30.) Plaintiff has not filed a response to Defendants' statement of material facts in compliance with Local Rule 56.1, nor has he filed a statement of material facts in support of his own motion for summary judgment. Accordingly, the Court deems the facts set forth by Defendants to be undisputed. See Fed. R. Civ. P. 56(e)(2); M.D. Pa. L.R. 56.1; United States v. Alberto, No. 3:18-cv-01014, 2020 WL 730316, at *2 (M.D. Pa. Feb. 13, 2020).

4

The parties provide differing accounts as to what happened after McCullough was placed in Bailey's cell. According to Bailey's deposition testimony, he and McCullough informed all Defendants that McCullough was not supposed to have a cellmate due to his Z-Code, and McCullough told the Defendants that if they did not remove him from the cell, he would attack Bailey. (Doc. No. 72-1 at 27-34.) Defendants assert that Bailey and McCullough only informed them about McCullough's Z-Code classification in passing and that Defendant Yoder did not learn about the Z-Code until the following day. (Doc. No. 72 ¶¶ 4-7.)

While the parties dispute what notice Bailey and McCullough gave the Defendants about McCullough's Z-Code and the threat of assault by McCullough, it is undisputed that Defendants did not remove McCullough from the cell. (See Doc. No. 72 ¶ 9; Doc. No. 72-1 at 29-30, 36.) Several hours later, prison staff found Bailey tied up with torn bed sheets on the floor of the cell. (Doc. No. 72 ¶ 9; Doc. No. 72-1 at 29-30, 36.) Staff immediately entered the cell, restrained McCullough, and assisted Bailey by untying the torn bed sheets and transporting him to the prison's medical department. (Doc. No. 72 ¶¶ 10-11.) Bailey reported to medical officials that he was experiencing pain in his neck and his left ear. (Id. ¶ 12.) According to Bailey's deposition testimony, McCullough had struck him in the back of the head and knocked him unconscious before tying him up. (Doc. No. 72-1 at 37.) Bailey also stated that McCullough struck him several more times after he regained consciousness. (Id. at 50.) There were no existing tensions or history of conflict between McCullough and Bailey prior to the assault by McCullough. (Doc. No. 72 ¶ 13.)

IV. DISCUSSION

Both parties have moved for summary judgment. (Doc. Nos. 51, 71.) Bailey does not raise any specific arguments but asserts that he is entitled to summary judgment on the issue of

5

liability.  (Doc. No. 51.)  Defendants raise five arguments in favor of their summary judgment motion.  (Doc. No. 75.)  First, they argue that Bailey's official capacity claims are barred by the Eleventh Amendment.  (Id. at 10-11.)  Second, they argue that Bailey cannot establish a violation of the Eighth Amendment because he cannot show that Defendants were deliberately indifferent to a serious risk of harm to Bailey.  (Id. at 11-21.)  Third, they argue that Bailey's due process claim is barred by the explicit source rule.  (Id. at 21-22.)  Fourth, they argue that they are entitled to summary judgment to the extent that Bailey raises an equal protection claim because Bailey has not alleged that he was treated differently from any similarly situated individuals.  (Id. at 22-23.)  Finally, they argue that they are entitled to qualified immunity.  (Id. at 23-25.)

The Court will grant Defendants' motion for summary judgment to the extent that it seeks summary judgment as to Bailey's official capacity and due process claims.  Defendants are correct that claims against them in their official capacities are not cognizable under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Similarly, Defendants are entitled to summary judgment as to Bailey's due process claim because it is identical to his Eighth Amendment deliberate indifference claim and therefore must be analyzed under the specific provisions of the Eighth Amendment rather than the more generalized notion of substantive due process.  See Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion of Rehnquist, C.J.); Graham v. Connor, 490 U.S. 386, 395 (1989).  Although the Court does not construe Bailey's complaint as raising an equal protection claim, the Court will also grant summary judgment as to any such claim because Bailey has not alleged that he was treated differently from any similarly situated individual.  See, e.g., City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (stating that the Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike" (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982))).

Turning to the merits of Bailey's Eighth Amendment deliberate indifference claim, the Court will deny both parties' motions for summary judgment with respect to this claim because there are genuine disputes of material fact that preclude summary judgment.  Bailey's Eighth Amendment claim sounds in deliberate indifference to the risk that McCullough would assault him.  To succeed on such a claim, a plaintiff must show that (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the defendant was deliberately indifferent to that risk, and (3) the defendant's deliberate indifference caused the plaintiff harm.  See Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)), abrogated in nonrelevant part as recognized by Mack v. Yost, 968 F.3d 311, 319 n.7 (3d Cir. 2020).  The first element is an objective inquiry of whether the official "knowingly and unreasonably disregarded an objectively intolerable risk of harm."  See Beers-Capitol v. Wetzel, 256 F.3d 120, 132 (3d Cir. 2001).  The second element is subjective: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."  See Bistrian, 696 F.3d at 367 (quoting Beers-Capitol, 256 F.3d at 125).

When the plaintiff's deliberate indifference claim is based on the risk of an assault by another inmate, the plaintiff must show that defendants were aware of a risk that the other inmate would assault the plaintiff specifically, and not simply inmates generally.  See id. at 371.  By itself, the risk that an inmate with a history of violence will attack another inmate for some unknown reason is too speculative to support an Eighth Amendment claim.  See id. ("Thus, according to Bistrian, the risk of the harm that occurred was the risk that an inmate with a history of violence might attack another inmate for an unknown reason.  We cannot conclude on these allegations that prison officials were deliberately indifferent to such a speculative risk."); see also Blackstone v. Thompson, 568 F. App'x 82, 84 (3d Cir. 2014) ("The risk that an inmate with

some history of violence might attack another inmate for an unknown reason, however, is too speculative to give rise to an Eighth Amendment claim.").

There is evidence in the record to support a factual finding that McCullough repeatedly told all four Defendants that he would assault Bailey if he was not taken out of Bailey's cell. (Doc. No. 72-1 at 27-34.)  Shortly thereafter, McCullough assaulted Bailey and caused him physical harm.  (Doc. No. 72 ¶ 9; Doc. No. 72-1 at 29-30, 36-37.)  A reasonable finder of fact viewing this evidence could conclude that Defendants were deliberately indifferent to the risk that McCullough would assault Bailey in violation of the Eighth Amendment.  Although Defendants assert that they were given limited notice of the risk of harm that McCullough posed to Bailey and Bailey argues that the evidence is sufficient to grant summary judgment in his favor, it is not the Court's role to weigh the evidence at this stage of litigation or determine the truth of the matter.  See Anderson, 477 U.S. at 249.  Accordingly, because there are genuine issues of material fact as to whether Defendants were deliberately indifferent to the risk that McCullough would assault Bailey, the Court will deny both parties' motions for summary judgment with respect to this claim.

The Court will also deny Defendants' assertion of qualified immunity.  "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."  Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  In order to determine whether a right was clearly established, the Court must ask "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  See Schmidt v. Creedon, 639 F.3d 587, 598 (3d Cir. 2011) (internal quotation marks omitted) (quoting Saucier

v. Katz, 533 U.S. 194, 202 (2001)). "If it would not have been clear to a reasonable officer what the law required under the facts alleged, then he is entitled to qualified immunity." Id. Stated differently, for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." See al-Kidd, 563 U.S. at 741. As the Supreme Court recently noted, "[t]his demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law.'" See District of Columbia v. Wesby, 583 U.S. __, 138 S. Ct. 577, 589 (2018) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). Accordingly, "there must be sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally prohibited." See Mammaro v. N.J. Div. of Child Prot. & Permanency, 814 F.3d 164, 169 (3d Cir. 2016) (quoting McLaughlin v. Watson, 271 F.3d 566, 572 (3d Cir. 2001)). In making this determination, the Court looks to applicable Supreme Court precedent, but if none exists, "a 'robust consensus of cases of persuasive authority' in the Court[s] of Appeals could clearly establish a right for purposes of qualified immunity." See id. (quoting Taylor v. Barkes, 575 U.S. 822, 826 (2015)).

The United States Supreme Court's decision in White v. Pauly, 580 U.S. __, 137 S. Ct. 548, 551 (2017), clarifies the Court's inquiry in this regard. In that opinion, the Supreme Court reaffirmed that its case law "do[es] not require a case directly on point" for a right to be clearly established, but "existing precedent must have placed the statutory or constitutional question beyond debate." See id. (internal quotation marks omitted) (quoting Mullenix v. Luna, 577 U.S. 7, 12 (2015)). The Supreme Court reiterated that the clearly established law "must be 'particularized' to the facts of the case," and cautioned that the presentation of a unique set of facts by a case is an "important indication" that a defendant's conduct at issue did not violate a

"clearly established" right. See id. at 552 (internal quotation marks omitted) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).  However, a constitutional deprivation that occurs under unique factual circumstances does not necessarily warrant an automatic grant of qualified immunity.  See Hope v. Pelzer, 536 U.S. 730, 741 (2002) (holding that "officials can still be on notice that their conduct violates established law even in novel factual circumstances").  There may be the rare "obvious case," where "a body of relevant case law" is not necessary, see Brosseau v. Haugen, 543 U.S. 194, 199 (2004), especially when the case in question presents "extreme circumstances" to which "a general constitutional rule already identified in the decisional law may apply with obvious clarity."  See Taylor v. Riojas, 592 U.S. __, 141 S. Ct. 52, 53-54 (2020) (internal citation and quotation marks omitted) (quoting Hope, 536 U.S. at 741).

In this case, it is clearly established law that prison officials violate the Eighth Amendment when they are deliberately indifferent to an inmate's risk of assault and the inmate is subsequently assaulted.  See Farmer, 511 U.S. at 833-34; see also, e.g., Heizman v. Cuffaro, No. 1:20-cv-01565, 2022 WL 1785486, at *8 (M.D. Pa. June 1, 2022) (Kane, J.) (denying qualified immunity where defendant prison official was allegedly deliberately indifferent to risk that plaintiff would be assaulted by another inmate); Hill v. Fisher, No. 3:11-cv-1034, 2016 WL 950946, at *5 (M.D. Pa. Mar. 5, 2016) (Conaboy, J.) (denying qualified immunity where defendants allegedly failed to protect plaintiff from assault by another inmate).  The Court finds that there is sufficient evidence in the record that Defendants violated this right to deny Defendants' assertion of qualified immunity at this stage and allow Bailey's Eighth Amendment claim to go to trial.

## V. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion for summary judgment (Doc. No. 51) and grant in part and deny in part Defendants' motion for summary judgment (Doc. No. 71). An appropriate Order follows.