IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY BAILEY,** : | | |
|         **Plaintiff** : | | |
| : | No. 1:20-cv-1836 | |
|             **v.** : | | |
| : | (Judge Kane) | |
| **LIEUTENANT YODER, et al.,** : | | |
|         **Defendants** : | | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

In a Memorandum and Order dated August 4, 2022, the Court denied Plaintiff's motion for summary judgment and granted in part and denied in part Defendants' motion for summary judgment. (Doc. Nos. 77-78.) As a result of the Court's summary judgment ruling, the case is proceeding solely as to Plaintiff's Eighth Amendment deliberate indifference claim. The Court directed the parties to file a joint status report indicating whether they wished to have the case referred to the Court's Prisoner Litigation Settlement Program. (Doc. No. 78.) All parties have since indicated that they wish to have the case referred to mediation. (Doc. Nos. 81, 84.) Plaintiff has additionally moved for the appointment of counsel. (Doc. No. 80.)

The Court will conditionally grant Plaintiff's motion to appoint counsel. Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, see Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), the Court has discretion to request "an attorney to represent any person unable to afford counsel." See 28 U.S.C. § 1915(e)(1); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The Court finds that the procedural posture of this case supports the appointment of counsel for Plaintiff. See Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57). Plaintiff is cautioned, however, that if the Court is unable to locate counsel to represent him,

Plaintiff will be required to continue participating in the above-captioned action as a pro se litigant. The Court will additionally grant the parties' request to refer this case to the Court's Prisoner Litigation Settlement Program. In accordance with Defendants' request, see (Doc. No. 81), the parties shall have until February 3, 2023 to complete mediation.

**AND SO**, on this 19th day of October 2022, in accordance with the foregoing, **IT IS ORDERED THAT**:

1. Plaintiff's request for the appointment of counsel is **CONDITIONALLY GRANTED**. The Clerk of Court shall forward a copy of this Order to the Chair of the Federal Bar Association's Pro Bono Committee, Michael A. O'Donnell, Esq., O'Donnell Law Offices, 267 Wyoming Ave., Kingston, Pennsylvania, 18704, for the purpose of obtaining counsel for Plaintiff;

2. This case is **STAYED** for sixty (60) days while Attorney O'Donnell attempts to find counsel to represent Plaintiff. Plaintiff is advised that if the Court is unable to find counsel to represent him, he will be required to continue with his case pro se;

3. This case is **REFERRED** to the Court's Prisoner Litigation Settlement Program;

4. Joseph Barrett, Esq., the ADR Coordinator for the Middle District of Pennsylvania, is **APPOINTED** to serve as mediator;

5. All settlement discussions are confidential and may not be utilized by any party if settlement is not reached;

6. The parties and the mediator are directed to refrain from beginning mediation until counsel has entered an appearance on Plaintiff's behalf or Attorney O'Donnell has informed the Court that no counsel can be found to represent Plaintiff; and

7. Mediation shall be completed no later than **February 3, 2023**.

        s/ Yvette Kane
        Yvette Kane, District Judge
        United States District Court
        Middle District of Pennsylvania