IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY BAILEY,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:20-cv-01836 |
| v. | : | |
| | : | (Judge Kane) |
| **LIEUTENANT YODER, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

In a Memorandum and Order dated August 4, 2022, the Court denied Plaintiff's motion for summary judgment and granted in part and denied in part Defendants' motion for summary judgment. (Doc. Nos. 77-78.) As a result of the Court's summary judgment ruling, the case is proceeding solely as to Plaintiff's Eighth Amendment deliberate indifference claim. Presently before the Court are two motions: Plaintiff's motion to reopen discovery (Doc. No. 87), and Defendants' motion to schedule an evidentiary hearing on the issue of whether Plaintiff exhausted administrative remedies (Doc. No. 89). Defendants also note that in the interest of judicial economy the Court could set a briefing schedule on the issue of exhaustion as an alternative to scheduling an evidentiary hearing. (Doc. No. 92 at 2.)

Parties seeking to reopen discovery must show that there is good cause to do so. See Fed. R. Civ. P. 16(b)(4); Gethers v. PNC Bank, 813 F. App'x 746, 750 (3d Cir. 2020). When considering whether to reopen discovery, courts should consider "(1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension; and (3) any other factors the trial court, in its discretion, determines to be relevant." See Cramer v. Kerestes, No. 3:15-cv-01360, 2020 WL 1233630, at *2 (M.D. Pa. Mar. 13, 2020) (quoting Trask v. Olin, 298 F.R.D. 244, 267 (W.D. Pa. 2014)).

Decisions as to whether to reopen discovery are left to the discretion of the district court. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 234 (3d Cir. 2007).

In this case, Plaintiff seeks to reopen discovery because "[t]here are documents [he has] not received from the defendants." (Doc. No. 87 at 2.) Plaintiff does not offer any details about these purportedly missing documents, such as what the documents are, whether he previously requested the documents in discovery, and if so, whether Defendants asserted any objections to production of the documents. Plaintiff's conclusory and unsupported assertion that he has not received some unnamed documents from Defendants is not sufficient to establish good cause to reopen discovery. The Court will accordingly deny the motion.

Turning to Defendants' motion to schedule an evidentiary hearing, the question of whether a prisoner plaintiff has exhausted administrative remedies is a threshold issue that courts must consider. See Small v. Camden Cnty., 728 F.3d 265, 270 (3d Cir. 2013). A district court may act as a finder of fact on the issue of exhaustion and conduct an evidentiary hearing to resolve any disputed facts regarding exhaustion. See Paladino v. Newsome, 885 F.3d 203, 211 (3d Cir. 2018); Small, 728 F.3d at 271. "[A] full-scale evidentiary hearing," however, "is not required each time that a prisoner claims that he exhausted his administrative remedies." See Paladino, 885 F.3d at 211. The decision of whether to schedule an evidentiary hearing is left to the discretion of the district court.

Based on the parties' submissions, and considering that the issue of administrative exhaustion has not yet been developed through briefing by the parties, it appears to the Court that it may be able to resolve the issue solely based on the parties' briefs and submission of exhibits. The Court will accordingly deny Defendants' motion to schedule an evidentiary hearing without

prejudice and set a briefing schedule for the limited purpose of resolving whether Plaintiff has exhausted administrative remedies with respect to his remaining claim. Should it appear based on review of the parties' submissions that an evidentiary hearing is necessary, the Court will schedule such a hearing at that time.

**AND SO**, on this 3rd day of April 2023, in accordance with the foregoing, **IT IS ORDERED THAT**:

1. Plaintiff's motion to reopen discovery (Doc. No. 87) is **DENIED**;

2. Defendants' motion to schedule an evidentiary hearing (Doc. No. 89) is **DENIED WITHOUT PREJUDICE**;

3. Defendants' request to set a briefing schedule on the issue of exhaustion (Doc. No. 92 at 2) is **GRANTED**;

4. The Court will decide the issue of administrative exhaustion in its role as fact finder. See Paladino, 885 F.3d at 211; Small, 728 F.3d at 271;

5. On or before **May 3, 2023**, Defendants may file a brief on the issue of whether Plaintiff has exhausted administrative remedies with respect to his remaining claim. Any exhibits relevant to administrative exhaustion shall be filed with Defendants' brief;

6. In accordance with Local Rule 7.6, Plaintiff's response brief shall be due within fourteen (14) days after service of the Defendants' brief. Any exhibits relevant to administrative exhaustion shall be filed with Plaintiff's brief; and

7. In accordance with Local Rule 7.7, Defendants may file a reply brief within fourteen (14) days after service of Plaintiff's opposition brief.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania