IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY BAILEY,** : | | |
| **Plaintiff** : | | |
| : | No. 1:20-cv-01836 | |
| v. : | | |
| : | (Judge Kane) | |
| **LIEUTENANT YODER, et al.,** : | | |
| **Defendants** : | | |

**MEMORANDUM**

This is a prisoner civil rights case in which pro se Plaintiff Jeremy Bailey ("Bailey") alleges that his civil rights were violated when Defendants failed to protect him from an assault by another inmate. After the Court granted in part and denied in part Defendants' motion for summary judgment, the case proceeded solely as to Bailey's Eighth Amendment deliberate indifference claim, and the Court ordered briefing on the issue of whether Defendants could establish the affirmative defense of failure to exhaust administrative remedies. Having considered the parties' briefs, and for the reasons that follow, the Court finds that Bailey exhausted administrative remedies on the deliberate indifference claim. The Court will accordingly schedule this case for trial.

**I.     BACKGROUND**

On October 1, 2020, Bailey initiated this case through the filing of a complaint pursuant to 42 U.S.C. § 1983, which the Court received and docketed on October 7, 2020. (Doc. No. 1.) The complaint named four John Doe Defendants and raised claims for violation of the Eighth and Fourteenth Amendments. (Id.) Bailey subsequently sought leave to amend the complaint to provide identities for the Defendants. (Doc. No. 58.) The Court granted the request on October 27, 2021, ordering that the original complaint would remain the operative pleading but that all

references to the John Doe Defendants would be understood to correspond to the identities provided by Bailey.  (Id.)[1]

The parties filed cross motions for summary judgment on October 4, 2021 and May 31, 2022.  (Doc. Nos. 51, 71.)  On August 4, 2022, the Court denied Bailey's motion for summary judgment and granted in part and denied in part Defendants' motion for summary judgment, allowing the case to proceed solely as to Plaintiff's Eighth Amendment deliberate indifference claim.  (Doc. Nos. 77–78.)  The Court referred the matter to mediation, which proved unsuccessful.  (Doc. Nos. 85–86.)  Following the close of mediation, Defendants moved for the Court to schedule an evidentiary hearing to determine whether Bailey exhausted administrative remedies with respect to his deliberate indifference claim.  (Doc. No. 89.)  Defendants alternatively requested that the Court set a briefing schedule on the issue of exhaustion.  (Doc. No. 92 at 2.)

On April 3, 2023, the Court granted the request for a briefing schedule and denied the request for an evidentiary hearing without prejudice pending the Court's review of the parties' briefs.  (Doc. No. 93.)  Defendants filed their brief on May 3, 2023.  (Doc. No. 95.)  Shortly thereafter, Bailey moved for appointment of counsel and an extension of time in which to file his exhaustion brief.  (Doc. No. 96.)  The Court granted both motions on May 31, 2023.  (Doc. No. 97.)  Bailey filed his exhaustion brief through counsel on July 5, 2023.  (Doc. No. 99.)  Accordingly, briefing on the exhaustion issue is now complete and the issue is ripe for review.

---

[1] Per the Court's Order, all references in the complaint to Correctional Officer John Doe 1 shall be construed as references to Defendant Derr, all references in the complaint to Correctional Officer John Doe 2 shall be construed as references to Defendant Anthony, all references in the complaint to Sergeant John Doe 1 shall be construed as references to Defendant Batiuk, and all references in the complaint to Lieutenant John Doe 1 shall be construed as references to Defendant Yoder.  (Doc. No. 58.)

## II. LEGAL STANDARD

Under the PLRA, prisoner plaintiffs must exhaust all available administrative remedies before they may challenge the conditions of their confinement in federal court.  See 42 U.S.C. § 1997e(a); Downey v. Pa. Dep't of Corr., 968 F.3d 299, 304 (3d Cir. 2020).  The statute requires "proper exhaustion," meaning the prisoner must complete the administrative review process in accordance with the procedural rules set by the prison.  See id. at 305 (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)).  The failure to exhaust available administrative remedies is an affirmative defense.  See Jones v. Bock, 549 U.S. 199, 216 (2007).  Accordingly, "[T]he burden to plead and prove failure to exhaust as an affirmative defense rests on the defendant."  Rinaldi v. United States, 904 F.3d 257, 268 (2018) (citing Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002)).

Under the Pennsylvania Department of Corrections' grievance policy, DC-ADM 804, a prisoner must first submit a written grievance within fifteen (15) days from the date of the incident.  (DC-ADM 804, Doc. No. 95-1 at 6.)  DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "identify individuals directly involved in the events," and "specifically state any claims [the inmate] wishes to make concerning violations of Department directives, regulations, court orders, or other law."  (Id.)  If the inmate wishes to receive "compensation or other legal relief normally available from a court" as a remedy for his grievance, he "must request the specific relief sought in his/her initial grievance."  (Id.) Next, the prisoner must submit a written appeal to an intermediate review level within fifteen (15) working days.  (Id. at 16.)  Finally, the inmate must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen (15) working days.  (Id. at 19–22.)

### III.     FACTS REGARDING EXHAUSTION[2]

On September 10, 2019, an inmate named McCullough was moved into Bailey's cell and assaulted Bailey.  (Doc. No. 77 at 4–5.)  Bailey filed a grievance about the assault later that day, alleging that both he and McCullough had warned correctional officers that McCullough was going to assault him but that the correctional officers ignored the warnings.  (Doc. No. 95-3 at 2.)  Bailey asserted that the correctional officers failed to protect him from the assault.  (Id.)  He did not request monetary relief or any other relief in the grievance.  (Id.)  The grievance was upheld in an initial review response on September 20, 2019.  (Doc. No. 99-2 at 2.)  The initial review response noted that after the assault Bailey had been moved to a single cell and that he would be housed in a single cell until he was released to general population.  (Id.)

Bailey appealed to the facility manager on September 24, 2019.  (Doc. No. 99-3 at 2.)  In the appeal, Bailey included a request for $350,000 in damages and permanent placement in a single cell that was not included in his initial grievance.  (Id.)  The facility manager denied the appeal on September 25, 2019, finding that Bailey's request for damages was "without merit and therefore denied."  (Doc. No. 99-4 at 2.)  Bailey appealed to SOIGA, which denied the appeal on December 9, 2019.  (Doc. No. 99-5 at 2.)

---

[2]  In accordance with Third Circuit precedent, see Rinaldi, 904 F.3d at 265, the Court announced its intention to decide the issue of exhaustion as the finder of fact and gave the parties the opportunity to submit materials relevant to the issue of exhaustion to the Court.  (Doc. No. 93.)  Both parties have submitted materials relevant to the issue of exhaustion, see (Doc. Nos. 95-1 to 95-4; 99-1 to 99-5), and none of the parties have challenged the authenticity of any of the submitted materials.  The Court accordingly bases the factual findings in this section on the documents submitted by the parties, and, where applicable, facts previously deemed undisputed during summary judgment proceedings.

IV.     DISCUSSION

Defendants argue that Bailey failed to exhaust administrative remedies with respect to his deliberate indifference claim because he failed to request damages in his grievance. (Doc. No. 95 at 5.) Bailey responds that the claim is exhausted pursuant to Rinaldi, 904 F.3d at 271, because prison officials denied his claim for money damages on the merits rather than dismissing it on procedural grounds. (Doc. No. 99 at 5.)

The Court agrees with Bailey that he exhausted administrative remedies. Although Bailey failed to comply with DC-ADM 804 by failing to request damages in his initial grievance, see (DC-ADM 804, Doc. No. 95-1 at 6 (noting that prisoner seeking "compensation or other legal relief normally available from a court" as a remedy for his grievance "must request the specific relief sought in his/her initial grievance")), Rinaldi holds that "where a prison disregards its own procedures and rejects an inmate's otherwise procedurally defaulted complaint on the merits, the claim is 'properly exhausted' under the PLRA." See Rinaldi, 904 F.3d at 271.

This case is indistinguishable from Rinaldi. In Rinaldi, the plaintiff failed to name one of the defendants in his initial grievance but then named the defendant in his appeal of the denial of the grievance. See id. at 270. The court held that the claim against the defendant was exhausted despite the plaintiff's failure to name the defendant in his initial grievance because the prison considered and denied the claim on its merits. See id. Here, similarly, Bailey failed to request damages in his initial grievance but then requested $350,000 in damages in his appeal to the facility manager and both the facility manager and SOIGA considered the claim for damages and denied it on its merits. See (Doc. No. 99-3). Under Rinaldi, the prison's consideration of the claim on its merits constitutes proper exhaustion. See Rinaldi, 904 F.3d at 271.

5

Defendants additionally argue that Bailey's claims for injunctive relief and declaratory relief are moot. (Doc. No. 95 at 8–9.) Bailey does not address this argument, and the Court agrees with Defendants that the claims are moot. Injunctive and declaratory relief are prospective in nature and may not be awarded based on past harms. See Yaw v. Del. River Basin Comm'n, 49 F.4th 302, 317–18 & n. 102 (3d Cir. 2022). In this case, Bailey was released from prison on November 9, 2021, see (Doc. No. 62), and there is therefore no prospective injunctive or declaratory relief that can be awarded for his deliberate indifference claim.

## V.     CONCLUSION

For the foregoing reasons, the Court concludes that Bailey exhausted administrative remedies with respect to his remaining deliberate indifference claim and that his claims for injunctive and declaratory relief are moot. The Court will set a schedule for a trial in this case and all pretrial deadlines. Additionally, because counsel for Bailey entered an appearance on his behalf after the conclusion of mediation, the Court will direct the parties to file a status report indicating whether they would like to reopen settlement negotiations. An appropriate Order follows.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania